IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| JACOB HEINO, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>v.<br><br>SAC WIRELESS, LLC,<br><br>DEFENDANT | No. 2:24-cv-02009 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant SAC Wireless, LLC ("Defendant") by and through the undersigned counsel, hereby removes Docket Number 240401236, *Jacob Heino, on behalf of himself and others similarly situated, v. SAC Wireless, LLC*, an action from the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania ("State Court Action"), to the United States District Court for the Eastern District of Pennsylvania. Defendant removes the State Court Action under 28 U.S.C. §§ 1332(a), and 1446, on the factual and legal grounds discussed below.

I.  NATURE OF THE REMOVED ACTION

1. On or about April 9, 2024, the State Court Action was commenced in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania, *Jacob Heino, on behalf of himself and others similarly situated, v. SAC Wireless, LLC*, and assigned the Docket Number 240401236 ("Complaint" or "Compl."). A true and correct copy of the Compliant is attached hereto as Exhibit A.

2.     On April 22, 2024, Defendant was served with a Summons and the Complaint. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B.

3.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." 28 U.S.C. § 1441(a).

4.     To remove a state court case a defendant must file a notice of removal within 30 days of receiving the initial pleading. § 1446(b).

5.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County as provided by U.S.C. § 1446(d).

6.     A written notice of the filing of this Notice of Removal has been given to all parties in accordance with and as required by 28 U.S.C. § 1446(d).

II.    DIVERSITY OF CITIZENSHIP

7.     The State Court Action is removable under 28 U.S.C. § 1332(a), which provides for federal diversity jurisdiction. Diversity jurisdiction exists because the parties are completely diverse. *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).

8.     To establish citizenship for diversity purposes, "a corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Benefit Life Co. v. AEI Life, LLC,* 800 F.3d 99, 104 (3d Cir. 2015).

9.     According to the Complaint, Plaintiff is a resident of the State of New Jersey. Compl. ¶ 3. The Complaint thus discloses that Plaintiff was and is a resident of New Jersey, and is domiciled in New Jersey for purposes of diversity jurisdiction.

10.    Defendant is not a citizen of either the Commonwealth of Pennsylvania or the State

of New Jersey. At the time that the State Court Action was filed, at the time of this Notice of Removal, and at all other times, Defendant was and is a limited liability company organized under the laws of the State of Oklahoma, with its principal place of business in Illinois. Defendant's "nerve center" is in Elgin, Illinois, where Defendant maintains its corporate headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Defendant's headquarters is the central location for all of its business activities, and is not simply an office where Defendant holds its board meetings. *See id.* at 93. All of Defendant's "high level officers direct, control and coordinate" Defendant's activities from its Elgin, Illinois headquarters. *Id.* at 80-81. Defendant is thus a citizen of the States of Oklahoma and Illinois for purposes of diversity citizenship. *See* 28 U.S.C. § 1332(c)(1).

11. Service of the Complaint was made upon Defendant at its Elgin, Illinois corporate headquarters. *See* Exhibit B

12. As Defendant in this matter is not a citizen of Pennsylvania where this action was brought, there is complete diversity allowing removal by the non-resident Defendant. 28 U.S.C. § 1441.

13. For the foregoing reasons, diversity of citizenship has been satisfied.

III. AMOUNT IN CONTROVERSY

14. When a defendant removes to Federal Court on the basis of diversity jurisdiction, the defendant need only plausibly allege that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86 (2014). Further, "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 82. Without admitting that Plaintiff could recover any damages, Defendant asserts herein that the amount in controversy in this action exceeds $75,000.00.

15. "To determine whether the amount in controversy is met, the Third Circuit utilizes the legal certainty standard. To satisfy this standard, it must be evident *to a legal certainty* that the amount in controversy exceeds [$75,000]." *Philadelphia Metal Trades Council v. Konnerud Consulting W., A.S.*, No. CV 15-5621, 2016 WL 1086709, at *2 (E.D. Pa. Mar. 21, 2016) (emphasis added) (internal citations omitted); *see also Sciarrino v. State Farm Fire & Cas. Co.*, 476 F. Supp. 3d 91, 98 (E.D. Pa. 2020) (reciting the Third Circuit's history of tests in removal cases when the amount in controversy is disputed, ultimately applying the "legal certainty" standard, stating "[i]n calculating the amount in controversy, we must determine whether 'the plaintiff's actual monetary demands in the aggregate exceed the [jurisdictional] threshold, irrespective of whether the plaintiff states that the demands do not.'") (citing *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006)).

16. Plaintiff alleges that Defendant violated the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 *et seq*.

17. Should a claim under the PMWA succeed, the statute provides for recovery of "such reasonable attorney's fees as may be allowed by the court." *Id*.

18. Plaintiff prays for the following relief under the "Prayer for Relief" section of the Complaint:

*(i) unpaid wages (including overtime wages);*

*(ii) prejudgment interest;*

*(iii)* ***litigation costs, expenses, and attorney's fees****; and*

*(iv) any other relief this Court deems just and proper.*

Compl. (emphasis added).

19. The Prayer for Relief section of the Complaint further includes footnote 1, which states, "Plaintiff's counsel has valued this action as potentially worth over $50,000 for purposes of the civil cover sheet. However, such valuation assumes that the action will be resolved as a class action on behalf of Plaintiff and other class members." Compl. (emphasis added). The Complaint therefore "does **not** explicitly **limit** Plaintiff's damages to an amount under the federal diversity threshold…." *Strauss v. Ghuman Truck Serv., Inc.*, No. CIV.A. 15-0900, 2015 WL 1822576, at *2 (E.D. Pa. Apr. 22, 2015) (emphasis added) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). Hence, this Court "must independently appraise the value of his claims." *Id.*

20. "The Third Circuit has counseled that in reaching this determination the estimations of the amounts recoverable must be realistic. The inquiry should be objective…[m]oreover, even if a plaintiff states that his claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." *Id.* (internal citations and quotations omitted).

21. Here, the Complaint does not stipulate or affirmatively waive Plaintiff's right to seek or collect a total sum of damages in excess of $75,000. Compl.

22. Moreover, "in calculating the amount in controversy, [the Third Circuit] must consider potential attorney's fees. Although 28 U.S.C. § 1332 excludes "interest and costs" from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action. **They are here**." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), as amended (Feb. 18, 1997) (citing *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933)

(emphasis added)); *see* 43 P.S. §333.113 (section of PMWA which allows for the recovery of reasonable attorney's fees.).

23. "In a case such as this one, involving a statutory claim of [unpaid wages under the PMWA], the claim for attorney's fees…could easily put the amount in controversy over the jurisdictional limit." *Morris v. Bankers Life & Cas. Co.*, No. CIV.A. 11-7675, 2012 WL 602418, at *2 (E.D. Pa. Feb. 24, 2012) (citing *Suber*, 104 F.3d at 585).

24. Based on the foregoing, Defendant has pled to a legal certainty that the amount in controversy has been met.

IV. <u>TIMELINESS OF REMOVAL</u>

25. This Notice of Removal is timely.

26. Plaintiff filed the Complaint on or about April 9, 2024, and Defendant was served with the Summons and Complaint on April 22, 2024.

27. Defendant now files this Notice of Removal within 30 days of receiving service of the Summons and Complaint, and within one year of the date on which the Complaint was filed.

V. <u>DIVERSITY JURISDICTION IS SATISFIED</u>

28. This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 *et seq.* and 1446 (b) because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

29. Plaintiff has named no other party as a defendant. Therefore, it is unnecessary for any other parties to join this Notice of Removal.

30. For all the foregoing reasons, this Court has original jurisdiction over the action between the Plaintiff and Defendant pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE,** Defendant, SAC Wireless, LLC, respectfully requests that the action now pending in the Court of Common Pleas of Philadelphia County be removed therefrom to the United States District Court for the Eastern District of Pennsylvania.

**REILLY, McDEVITT & HENRICH, P.C.**

By: */s/ Susan M. Valinis*
Susan M. Valinis, Esquire
Pa. I.D. #86685
Leah A. Lewis, Esquire
Pa. I.D. #311566

One South Penn Square
Suite 410
Philadelphia, PA 19107
Attorneys for Defendant,
SAC Wireless, LLC

Dated: May 10, 2024

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB HEINO, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED<br><br>PLAINTIFF,<br><br>v.<br><br>SAC WIRELESS, LLC,<br><br>DEFENDANT | No. 2:24-cv-02009 |

### CERTIFICATE OF SERVICE

I, Susan Valinis, Esquire, hereby certify that on this 10th day of May, 2024, a true and correct copy of the foregoing Defendant's Notice of Removal has been served on counsel for the Plaintiff via first class, postage prepaid mail, as follows:

*Counsel for Plaintiff:*

**Peter Winebrake**
**Winebrake & Santillo, LLC**
**715 Twining Road, Suite 211**
**Dresher, PA 19025**

**REILLY, McDEVITT & HENRICH, P.C.**

By: */s/ Susan M. Valinis*
Susan M. Valinis, Esquire
Pa. I.D. #86685
Leah A. Lewis, Esquire
Pa. I.D. #311566
One South Penn Square
Suite 410
Philadelphia, PA 19107
Attorneys for Defendant,
SAC Wireless, LLC

Dated: May 10, 2024